## PEOPLE EX REL. WILLIAMS V. REID.

An appointment to fill a vacancy in the office of county treasurer,
made by the vote of a county commissioner whose term of office
expired at midnight the night before, is invalid.

ORIGINAL proceeding in the nature of *quo warranto.*

By an act of legislature changing the beginning of the
term of office of county treasurers a vacancy was caused,
which the county commissioners were authorized to fill.
One May, who was county commissioner, and whose
term of office expired at midnight, January 9th, partici-
pated in the deliberations of the board next morning,
and by his vote an appointment was made filling the va-
cancy.   But in the afternoon the newly-elected commis-
sioner qualified, and another appointment was made.
Williams, the second appointee, brings this proceeding
against Reid, the first appointee, who had possession and
refused to surrender it.

Mr. S. P. ROSE and ALVIN MARSH, Attorney-General,
for plaintiff.

Messrs. MARKHAM and DILLON, for defendant.

ELBERT, J.  By reference to the opinion of Justice
HELM, delivered in this case (*ante*, p. 138), on issues made
by the demurrer to the respondent's plea, it will be seen
that the pleadings were regarded as presenting an issue
of fact, namely, did the newly-elected county commis-
sioner, Ordway, duly qualify as such by filing his official
bond, and by taking his oath of office, prior to the 10th
of January, 1888.  Upon this issue the proofs since taken
and submitted are undisputed, and to the effect that Ord-
way duly qualified as county commissioner, under the
law, in the preceding December.  His successor having
thus duly qualified, May's term of office expired at mid-
night on the 9th of January.  He could not, therefore,
legally participate in the deliberations and proceedings of
the board on the following day, the 10th of January, and
the acts of the board, in so far as they depend upon his
vote, were without validity.  It follows that the alleged
appointment of respondent to fill the vacancy in the
office of county treasurer at the meeting of the board on
the morning of the 10th, depending as it did on the vote
of May, was without force or validity.  The judgment
must be for the relator.

*Judgment for relator.*